UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRED SPAGNOLA, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHUBB CORPORATION, FEDERAL INSURANCE COMPANY, GREAT NORTHERN INSURANCE COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, JOHN D. FINNEGAN, and THOMAS F. MOTAMED,<br><br>Defendants. | **JUDGE BAER**<br><br>**06 CV 9960**<br>Civil Action No.: _____<br><br>ECF Case<br><br>NOTICE OF REMOVAL<br><br>|

PLEASE TAKE NOTICE that Defendant Great Northern Insurance Company ("Great Northern"), through its undersigned attorneys, hereby removes this action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York pursuant to the 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453. As grounds for this removal, Great Northern states as follows:

## I. INTRODUCTION

1. On or about September 7, 2006, the plaintiff commenced this action in the Supreme Court of the State of New York, County of New York by filing a complaint entitled <u>Spagnola v. The Chubb Corporation and Chubb Indemnity Insurance Co.</u>, Index No. 603153-2006 (the "State Court Action").

2. On September 19, 2006, the plaintiff attempted to serve The Chubb Corporation and Chubb Indemnity Insurance Company ("Chubb Indemnity") with the initial Complaint, Summons, the Plaintiff's First Request for Discovery and Production Pursuant to CPLR 3120, a

Request for Judicial Intervention, a Notice of Motion, a Memorandum of Law in Support of Plaintiff's Motion for Class Certification, and an Affidavit of Roger W. Kirby in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representative and of Class Counsel. He did so by having these documents hand delivered to a supervisor in the claims department of Chubb & Son, a division of Federal Insurance Company, which is a subsidiary of Chubb Corporation.[1]

3. The foregoing attempt at service was neither proper nor effective under New York Civil Practice Law and Rules ("CPLR") 311 because the aforementioned supervisor was neither an officer of either defendant nor "authorized by law to accept service" on their behalf.

4. Subsequently, counsel for Chubb Corporation and Chubb Indemnity contacted counsel for the plaintiff and informed him that service was not proper. Counsel for Chubb Corporation and Chubb Indemnity also informed the plaintiff's counsel that neither Chubb Indemnity nor Chubb Corporation issued the plaintiff's replacement cost homeowners' insurance policy at issue and that, as a result, the Complaint named the wrong legal entities as defendants.

5. On or about October 6, 2006, the plaintiff's counsel, on the one hand, and counsel for Chubb Corporation and Chubb Indemnity, on the other hand, agreed to extend the time required for those defendants to respond to the plaintiff's complaint, discovery request and

---

[1] The plaintiff also mailed a copy of the Summons and Complaint, a Request for Judicial Intervention, a Request for the Production of Documents, a Notice of Motion, a Memorandum of Law in Support of Plaintiff's Motion for Class Certification and an Affidavit of Roger W. Kirby in Support of the Plaintiff's Motion for Class Certification, Appointment of Class Representative and of Class Counsel to Joseph Hobbs, Esq. on September 11, 2006. (See Exhibit A.) This mailing did not constitute proper service under New York Civil Practice Law and Rules ("CPLR") Section 312-a, which governs service by mail. For service to be proper under CPLR Section 312-a, the statement of service by mail and acknowledgement of receipt of service must be in the form proscribed by Sections 312-a (a) and (d). Because the document sent to Mr. Hobbs did not conform to the requirements of Section 312-a, service was ineffective and improper, and as a result, did not trigger the deadline for removal. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 143 L.Ed.2d 448 (1999) (holding "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

- 3 -

motion for class certification in order to allow the parties to discuss the litigation and the proper parties in the case.

6.  On or about October 11, 2006, the plaintiff served upon counsel for Chubb Corporation and Chubb Indemnity an Amended Complaint which purported to name four additional defendants, including Great Northern, and was entitled <u>Spagnola v. The Chubb Corporation, Federal Insurance Company, Great Northern Insurance Company, Chubb Indemnity Insurance Company, John D. Finnegan, and Thomas F. Motamed</u>, Index No. 603153/06 (the "Amended Complaint").  A true and correct copy of that Amended Complaint is attached hereto as Exhibit B.  To Great Northern's knowledge, the Amended Complaint has not yet been filed in the State Court Action.

7.  By agreement of counsel, the Amended Complaint and summonses were served on Chubb Corporation, Chubb Indemnity, Federal Insurance Company ("Federal Insurance") and Great Northern through counsel on October 11, 2006.

8.  In response to a request from plaintiff's counsel, on October 19, 2006, counsel for Messrs. Finnegan and Motamed advised plaintiff's counsel that she would accept service on their behalf.  Service on these individual defendants is therefore anticipated to occur on October 19, 2006 or shortly thereafter.

9.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all other process, pleadings, and orders served upon Great Northern or otherwise obtained by Great Northern's counsel in this action are attached to this Notice as Exhibit C.  Aside from the matters attached as Exhibits A, B, and C, there have been no other proceedings in the State Court Action.

10.  Since at least 2001, the plaintiff has been the owner of a replacement cost homeowners' insurance policy which he purchased from Great Northern.  (Am. Compl. ¶ 9.)

The Amended Complaint purports to set forth a series of claims relating to that policy, and particularly the renewal thereof, against "Chubb" (which it defines indiscriminately as including Chubb Corporation, Chubb Indemnity, Federal Insurance and Great Northern). (Id. at p. 1.)

11. Although the plaintiff does not allege that he ever contracted with or otherwise had any interaction whatsoever with any of the defendants besides Great Northern, the Amended Complaint purports to state claims against Chubb Corporation, Great Northern, Chubb Indemnity and Federal Insurance by alleging in conclusory fashion that the latter three entities are members of the Chubb Group of Insurance Companies, are allegedly "wholly-owned, directly or otherwise," by the Chubb Corporation and that "[a]t all relevant times and in respect of the activities complained of, the Chubb Corporation, directly or otherwise, had (1) complete domination and control of the subsidiaries named herein; (2) used the control to commit some wrong in contravention of plaintiff's rights; and (3) the control and its misuse caused the injuries complained of." (Id. ¶ 23.)[2] The Amended Complaint alleges that the plaintiff's policy is a standard form replacement cost policy that Chubb Corporation issues "through, *inter alia*, defendants Great Northern and Chubb Indemnity." (Id. ¶ 17.) The Amended Complaint further alleges that Federal Insurance manages the companies that are constituents of the Chubb Group. (Id. ¶ 11.)

12. The Amended Complaint alleges that "Chubb" (again, defined to indiscriminately include all corporate entity defendants) engaged in certain alleged deceptive or otherwise unlawful practices with respect to the plaintiff's policy and similar policies issued with respect to

---

[2] Great Northern expressly denies this allegation, any allegations of wrongdoing and any allegation that the plaintiff or the putative class is entitled to any relief whatsoever from Great Northern or any other defendants in this action. The inclusion of any allegation set forth in the Amended Complaint in this Notice of Removal is not intended to, and does not, constitute an admission of its veracity. Great Northern reserves all rights to assert any and all applicable defenses in this matter.

New York property. In summary, the Amended Complaint alleges: (1) that "Chubb" represented that annual increases in coverage and premiums for such policies would be indexed to inflation, and controlled by the US Consumer Price Index ("CPI"), but that they were not and were substantially higher than the CPI, (see, e.g., id. ¶¶ 36-40); (2) that "Chubb" allegedly increased coverage and premiums without any appraisals, even though appraisals were allegedly required, (see, e.g., id. ¶¶ 84-85); (3) that "Chubb" allegedly told purchasers that the amount of coverage would not be changed without the purchaser's consent, but then did so, (see, e.g., id. ¶ 81); and (4) that the New York Insurance Law allegedly requires terms of homeowner insurance policies to be in effect for three years, but that "Chubb" increased coverage and premiums during this time, and that "Chubb" did not provide the reasons for conditional renewals at higher premiums (see, e.g., id. ¶¶ 45-49).

13. According to the Amended Complaint, the plaintiff seeks to bring a class action on behalf of:

> All persons or entities who from April 1, 2000 to the present (the "Class Period"), purchased replacement cost homeowners' insurance policies from Chubb, through either Great Northern or Chubb Indemnity, respecting property located in the State of New York and who either have been injured by the practices complained of or who are at risk of suffering injuries by the practices complained of.

(Id. ¶ 68.)[3]

14. The Amended Complaint asserts five causes of action against the defendant entities collectively referred to as "Chubb": Count I (Breach of Contract); Count II (Violation of New York's Insurance Law § 3245); Count III (Deceptive Practices Under New York General

---

[3] The Amended Complaint excludes from the putative class all persons named as defendants, related parties, government entities, the judge presiding over this matter, his or her staff and the members of the law firms representing the plaintiff in this action. (Am. Compl. ¶ 69.)

Business Law § 349); Count IV (Unjust Enrichment); and Count V (Injunctive Relief). (Am. Compl. at pp. 21-25.)[4] The Amended Complaint prays for "judgment against each defendant, jointly and severally" awarding the plaintiff and the putative class the following: (a) "damages in amounts to be calculated and that represent refunds of that portion of the premiums that do not reflect the CPI, or that were otherwise made in breach of contract, or in violation of N.Y. Ins. Law § 3245's stricture on increases during the required policy periods;" (b) "actual damages from Chubb [defined as the entities named as defendants] for its violations of N.Y. Gen. Bus. Law § 349"; (c) "those portions of premiums paid that represent unjust enrichment"; (d) a finding that "the conduct complained of is ongoing and continues to threaten plaintiff and members of the class to further injury"; (e) "injunctive relief to halt the practices complained of;" (f) "interest to the fullest extent permitted by law"; (g) "the costs of prosecuting this action, together with interest and reasonable attorneys' fees"; and (h) "such other and further relief as the Court deems just and proper." (Id. at pp. 26-27.)

## II. BASIS FOR JURISDICTION

15. This Court has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (Feb. 18, 2005) (codified at 28 U.S.C. §§ 1711-1715, 1332(d) and 1453). As set forth below, this case is a purported class action in which: (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs"; (2) "any member of [the putative] class of plaintiffs is a citizen of a State different from any defendant" and (3) the "number of members of all proposed

---

[4] The Amended Complaint names two individual defendants, John D. Finnegan and Thomas F. Motamed, who are President and Chief Executive Officer of Chubb Corporation and Vice Chairman and Chief Operating Officer of Chubb Corporation respectively. The Amended Complaint makes no attempt, however, to plead facts sufficient to state a claim against those two individuals.

plaintiff classes in the aggregate is [not] less than 100." See 28 U.S.C. §§ 1332(d)(2) and (d)(5)(B).

**A.     The Amount In Controversy**

16.     The aggregate amount in controversy as framed by the Amended Complaint exceeds the sum or value of $5,000,000, exclusive of interests and costs. See 28 U.S.C. § 1332(d)(6) (providing that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs").

17.     Purportedly on behalf of virtually every person who purchased replacement cost homeowners' insurance policies through Great Northern respecting property located in the State of New York from April 1, 2000 to the present, the Amended Complaint seeks damages representing "refunds of that portion of the premiums paid that do not reflect the CPI . . .." (Am. Compl. at ¶ 68 and p. 26.)[5]

18.     Also purportedly on behalf of virtually every person who purchased replacement cost homeowners' insurance policies through Great Northern respecting property located in the State of New York from April 1, 2000 to the present, the Amended Complaint seeks damages representing "that portion of the premiums . . . that were otherwise made in breach of contract, or in violation of N.Y. Ins. Law §3245's strictures on increases during the required policy periods[.]" (Id. at p. 26).

---

[5]     The Amended Complaint actually purports to assert claims on behalf of the policyholders who purchased policies through Great Northern and Chubb Indemnity. Because, however, the plaintiff did not purchase any policy from Chubb Indemnity and has not otherwise alleged any facts through which Chubb Indemnity could be held liable to him, he lacks standing to assert any claim against Chubb Indemnity, fails to state a claim against it and fraudulently joined it in the first instance. Accordingly, Chubb Indemnity should be disregarded for purposes of the jurisdictional analysis.

19. Without conceding in any way the validity of any allegations or speculation set forth in the Amended Complaint or otherwise proffered by the plaintiff or plaintiff's counsel, the following facts, among others, indicate that the amount in controversy exceeds $5 million.

20. In the affidavit of the plaintiff's counsel in support of Plaintiff's Motion for Class Certification, Appointment of Class Representative and of Class Counsel (which is attached separately, without exhibits, for the Court's convenience as Exhibit D), the plaintiff's counsel asserts that it is "reasonable to infer that no less than an estimated $136.674 million of [Chubb Corporation's underwriting results for homeowners insurance for 2005] were derived from" New York State. Kirby Aff. at ¶ 8.

21. In that same affidavit, the plaintiff's counsel estimates that "at minimum the class consists of at least thousands" of persons. See Exhibit D, ¶ 10 (emphasis added).

22. In 2006, Great Northern had at least 25,000 replacement cost homeowners' insurance policies in force in New York State.

23. Even assuming that the class consisted of only 10,000 policy holders, each class member would only need to claim damages of $500 to establish the $5 million amount in controversy.

24. The Amended Complaint alleges that since 2000, "Chubb's premiums have increased annually by approximately 200% to 600% than that of the CPI." (Am. Compl. ¶ 40).

25. The Amended Complaint indicates that each class member may have incurred damages up to, and in some instances in excess of, $5,000. (Am. Compl. ¶ 76.)

26. Furthermore, the Amended Complaint also prays for "injunctive relief to halt the practices complained of." (Id. at p. 26.) The cost to Great Northern of doing so would include

not only lost premiums, but the administrative cost of changing its business practices with respect to tens of thousands of policies.

27. The Amended Complaint also prays for attorneys' fees and costs in this action. (Id. at p. 26.)

28. Thus, the aggregate amount in controversy (in the event that the plaintiff were able to proceed past a motion to dismiss, obtain certification of the purported class and ultimately prevail at trial) is in excess of $5 million.

**B.     Minimal Diversity of Citizenship**

29. This case also satisfies the Class Action Fairness Act's requirement of minimal diversity as at least one member of the putative class of plaintiffs is a citizen of a state different from at least one defendant.

30. Upon information and belief, the sole named plaintiff in this action, Fred Spagnola, is, and at the time the State Court Action was commenced was, a citizen and resident of New York and resides at 381 Flagg Place, Staten Island, New York 10304. (Am. Compl. ¶ 9) ("Plaintiff Fred Spagnola resides and at all relevant times has resided in Richmond County, New York"). The Amended Complaint states that the putative class members are "New York residents or have insured property located in New York." (Id. ¶ 5.)

31. Defendant Great Northern Insurance Company is, and at the time the State Court Action was commenced was, incorporated under the laws of the State of Minnesota and maintains its principal place of business in New Jersey.

32. Defendant Federal Insurance Company is, and at the time the State Court Action was commenced was, incorporated under the laws of the State of Indiana and maintains its principal place of business in New Jersey.

33.   Defendant Chubb Corporation is, and at the time the State Court Action was commenced was, incorporated under the laws of the State of New Jersey and maintains its principal place of business in New Jersey. (Am. Compl. ¶ 10.)

34.   Defendant Chubb Indemnity Insurance Company is, and at the time the State Court Action was commenced was, incorporated under the laws of the State of New York and maintains its principal place of business in New York. (Id. ¶ 14).[6]

35.   Individual defendants John D. Finnegan and Thomas F. Motamed are, and at the time the State Court Action was commenced were, both residents and citizens of the State of New Jersey.[7] The address for both Mr. Finnegan and Mr. Motamed is 15 Mountain View Road, Warren, New Jersey 07061-1615.

**C.   Number of Proposed Class Members**

36.   There are at least 100 members of the putative plaintiff class. In the affidavit of plaintiff's counsel in support of Plaintiff's Motion for Class Certification, Appointment of Class Representative and of Class Counsel, the plaintiff's counsel estimates that the putative class in this case constitutes "at least thousands" of persons. See Exhibit D, ¶ 10.

37.   In addition, Great Northern had at least 25,000 replacement cost homeowners' insurance policies in force in 2006 in New York State.

**D.   The Exceptions to Jurisdiction Under the Class Action Fairness Act Do Not Apply.**

38.   The exceptions to federal jurisdiction under 28 U.S.C. § 1332(d) do not apply and the plaintiff bears the burden of proving otherwise. See Hart v. Fedex Ground Package System

---

[6] As previously noted, because the plaintiff lacks standing to assert claims against, fails to assert claims against and fraudulently joined Chubb Indemnity, this entity should be disregarded for purposes of the jurisdictional analysis.

[7] As previously noted, the Amended Complaint does not assert any claims against either individual defendant; therefore, they should be disregarded for purposes of the jurisdictional analysis.

Inc., 457 F.3d 675, 676 (7th Cir. 2006) ("[T]he party seeking to take advantage of the home-state or local exception to CAFA jurisdiction has the burden of showing it applies"). See also Frazier v. Pioneer Americas LLC, 455 F.3d 542, 544 (5th Cir. 2006) (same); Evans v. Walter Industries, Inc., 449 F.3d 1159, 1162-63 (11th Cir. 2006) (same); S. Rep. 14, 109th Cong. 1st Sess. 43 (2005), 2005 U.S.C.C.A.N. 3, 41 ("It is the Committee's intention with regard to each of these exceptions that the party opposing federal jurisdiction shall have the burden of demonstrating the applicability of an exemption").

### III.    REMOVAL PROCEDURES

39.    No other defendants are required to join this notice. See 28 U.S.C. § 1453(b) ("A class action [under section 1332(d)(1)] . . . may be removed by any defendant without the consent of all defendants").

40.    This Notice is timely filed under 28 U.S.C. § 1446(b) in that it is being filed within thirty days of September 19, 2006, which was the date of the plaintiff's second (but still defective) attempt to serve any defendant in this case.[8]

41.    This case may be removed to this Court under 28 U.S.C. § 1441(a) because the Complaint was filed in the Supreme Court of the State of New York for the County of New York, which is within the Southern District of New York.

42.    Pursuant to 28 U.S.C. § 1446 (d), Great Northern will give notice of this Notice of Removal to all adverse parties. A Notice of Filing of Notice of Removal is being filed

---

[8] It should also be noted that Great Northern is not required to remove this Amended Complaint within 30 days from service on Chubb Corporation and Chubb Indemnity; rather, it need only remove thirty days from service upon the last served defendant. See, e.g., Fernandez v. Hale Trailer Brake & Wheel, JBM, 322 F. Supp. 2d 621 (S.D.N.Y. 2004) (holding that, in a case involving multiple plaintiffs, the 30 day removal period ran from the date on which the last defendant was served). Thus, this Notice of Removal is not required to be filed until November 10, 2006, at the earliest.

contemporaneously in the Supreme Court of the State of New York for the County of New York, on October 19, 2006.

43.     If any question arises as to the propriety of the removal of this action, Great Northern respectfully requests the opportunity to present a brief, evidence and oral argument in support of its position that this case is removable.

WHEREFORE, the case now pending in the Supreme Court of the State of New York for the County of New York is hereby removed to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441.

Dated: October 19, 2006

Respectfully submitted,

*Keara M Gordon*
Joseph G. Finnerty III (JF4315)
Keara M. Gordon (KG2323)
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York  10020-1104

*Attorneys for Defendant*
*Great Northern Insurance Company*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| FRED SPAGNOLA, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>VS.<br><br>THE CHUBB CORPORATION, FEDERAL INSURANCE COMPANY, GREAT NORTHERN INSURANCE COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, JOHN D. FINNEGAN, and THOMAS F. MOTAMED,<br><br>Defendants. | Index No. 603153-2006<br><br>**NOTICE OF FILING A NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, on October 19, 2006, Defendant Great Northern Insurance Company, by and through its undersigned counsel, removed this suit by filing a Notice of Removal in the United States District Court for the Southern District of New York. A copy of the Notice of Removal, without exhibits, is attached to this Notice as Exhibit A, and is served and filed herewith. Accordingly, and pursuant to 28 U.S.C. § 1446 (d), this Court shall proceed no further with this matter unless and until it is remanded.

**NEW YORK COUNTY CLERK'S OFFICE**

**OCT 1 9 2006**

**NOT COMPARED WITH COPY FILED**

Respectfully submitted,

_Keara M Gordon_
Joseph G. Finnerty III
Keara M. Gordon
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020-1104

*Attorneys for Defendant
Great Northern Insurance Company*