UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

..................................................................... x
FRED SPAGNOLA, individually and on behalf    :
of all those similarly situated,             :
                                             :
                                             :
                 Plaintiff,                  :
                                             :  Civil Action No.:  06-9960 (HB) (FM)
         -against-                           :
                                             :  ECF Case
THE CHUBB CORPORATION, FEDERAL               :
INSURANCE COMPANY, GREAT                     :
NORTHERN INSURANCE COMPANY,                  :
JOHN D. FINNEGAN, and                        :
THOMAS F. MOTAMED,                           :
                                             :
                 Defendants.                 :
..................................................................... x

## JOINT SCHEDULING REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for the parties conferred by teleconference on December 12, 2006 to discuss planning for discovery in this case. As a result of that conference and subsequent drafting efforts, the plaintiff and defendants submit this Joint Scheduling Report. The parties have endeavored to agree on a joint discovery plan, but where the parties have been unable to agree, this Scheduling Report reflects the position of each party. The parties respectfully request that the Court reserve entry of a Joint Scheduling Order until after the Status Conference, now scheduled for Thursday, January 18, 2007 at 2:45 p.m., which, for reasons set forth at Section 1.b below, the plaintiff submits the Court may wish to reschedule.

1       <u>Proceedings</u>.

    a.      <u>Joint Statement</u>

On December 18, 2006, the defendants moved to dismiss the plaintiff's complaint in its entirety. On December 21, 2006, counsel for the defendants wrote to the Court and requested permission to move to stay discovery pending resolution of the defendants' motion to dismiss and that the Court adjourn consideration of the plaintiff's motion for class certification pending resolution of the pending motions. On the same date, the plaintiff wrote the Court, suggesting that the matters be addressed at the pre-trial conference. By endorsement dated December 22, 2006, the Court stayed any response to discovery as well as the class certification motion until at least the pre-trial conference on January 18, 2007, and ordered that defendants' motion to dismiss be fully briefed by January 9, 2007.

On December 26, 2006, the plaintiff gave the defendants notice that he may seek to amend his complaint. As set forth below, the parties have differing views regarding how any such amendment may affect future proceedings and how discovery should proceed. In keeping with the spirit of the Court's endorsement, however, the parties propose that, if the currently-scheduled January 18 pre-trial conference is adjourned, the Court stay all discovery and briefing on the plaintiff's pending motion for class certification pending further consideration at the pre-trial conference, whenever the Court holds it.

    b.      <u>Plaintiff's Statement</u>

In response to an announcement on December 21, 2006 that The Chubb Corporation on

2

behalf of itself and its insurance subsidiaries had entered into an agreement with the Attorneys Generals of New York, Connecticut, and Illinois, on December 26, 2006, and pursuant to the Court's individual practice rule 3.A.1, the plaintiff gave the defendants notice that he would file an amended pleading, and on December 28, 2006, gave the defendants notice that the proposed amendment would be served on that day, and it was served prior to the close of business. The plaintiff represented that the amended complaint will not alter the claims and parties currently at issue, and accordingly defendants have advised that they expect to move to dismiss that pleading.

Assuming service on December 28, 2006, the plaintiff proposes that moving and opposing briefs be served and filed no later than January 29, 2007. As defendants have already served a motion to dismiss the claims, and as plaintiff was well on his way to completion of his opposition, for his part plaintiff would not oppose entry of an accelerated briefing schedule.

Plaintiff proposes that, with the considerable exception stated below, merits discovery commence immediately. The case began in September 2006 in the New York Supreme Court, and was removed to this Court by defendants. Plaintiff served a request for documents in the state court proceedings, and requests for admissions upon removal, with the advice that the return date for the latter would be made part of this rule 26 report. Plaintiff also served requests that related to the possibility of a remand application, but withdrew those in conjunction with an amended pleading designed to resolve any issue of this Court's subject matter jurisdiction.

Defendants have provided no discovery pursuant to these initiatives, and as they state immediately below, want to forestall all discovery pending resolution of their motion to dismiss and full discovery until after resolution of a follow on class certification motion. If defendants have their way, discovery would not *commence* before at least summer 2007, nearly a year

following commencement of the litigation. That hardly would satisfy the first injunction of the first Federal Rule: "speedy". Moreover, it is predictable that a significant part of the discovery that plaintiffs seek will, in the event, bear on the class certification motion.

Attached hereto as Exhibits A and B, are plaintiff's outstanding requests for documents and admissions. Each seeks evidence that bears on, *inter alia*, elemental Rule 23 requirements of numerosity, commonality, superiority, and typicality. Of the sixteen requests, eleven seek aggregate data or exemplars. A twelfth (no. 7) seeks documents evidencing defendants' compliance with a New York statute. In likelihood, there are no responses to request 7. The requests therefore cannot earnestly be characterized as burdensome. Nor can the requests for admissions, many of which predictably will bear on class issues.

In a (premature) stay application dated December 21, 2006, defendants claimed that the requests for admission number in excess of 1,500 and must be *per force* burdensome. Even a cursory examination of the document itself shows that, in substance, the requests seek duplicate responses for each of several years, and more important, what they seek is easy to provide: Jurisdiction and corporate profiles and relationships (1-5, 9-62); numerosity (6-8, 103); uniformity of practice (63-102, 104); rule 23 (105-108). A response may of course bear on more than one issue.

At the outset, plaintiff stated that he would identify a substantial exception to his request for immediate, omnibus discovery. It is this. Following substantive responses to the outstanding requests, plaintiff would limit further discovery to witnesses and documents that may be

necessary to respond to defendants' challenges to class certification, or to develop whatever factual record may be necessary to respond to certain fact-based features of defendants' pending motion to dismiss.

    b.    <u>The Defendants' Statement</u>

In response to the plaintiff's statement, the defendants state that the arguments set forth do not belong in a joint scheduling report. Rather than improperly burden the Court with facts and argument responsive to the plaintiff's statement, the defendants respectfully reserve their right to respond in kind at the appropriate place and time. For now, the defendants note only as follows:

    i)    The proposed fourth iteration of the plaintiff's pleading was first delivered to the offices of defendants' counsel at 5:37 p.m. on December 28 and, therefore, the defendants have not had sufficient time to review it and fully consider how the ten pages of additional text that it purports to add may affect the scope of this case. (Based on a preliminary review of the proposed pleading, however, the defendants disagree with the plaintiff's representation that the amendments do not alter the claims at issue in this case). Given that, and given that the plaintiff has not yet obtained leave of Court or the defendants' consent to filing that amendment, it is premature to propose a briefing schedule on the defendants' response to that complaint. Having said that, at the appropriate time, the defendants would not oppose an accelerated schedule if this fourth complaint truly does not radically alter the case.

ii) The defendants submit it would be premature to engage in class or merits discovery until (1) the plaintiff has decided on a version of his complaint he intends to stand by and (2) it is clear that that version can survive past the pleadings stage. Indeed, this case began less than four months ago, and in that time, the plaintiff has served four different complaints, three different motions for class certification and various discovery requests - one of which was amended and one of which was withdrawn. Now, the plaintiff is seeking to adjourn the pre-trial conference and file a fourth version of his complaint.

These actions vividly prove what the defendants have said all along: it would be premature and inefficient to expend the Court's and the parties' resources on discovery and class certification briefing before the pleadings are set and the Court determines whether this case should proceed at all. Accordingly, following the pre-trial conference, whenever the Court chooses to hold it, the defendants respectfully request that the Court continue to stay discovery until the defendants' motion to dismiss is adjudicated. In the event the defendants' Motion to Dismiss is not granted in its entirety and the defendants are required to answer some or all of the claims asserted against them, then the defendants propose a short discovery period limited to those matters that are necessary for the Court to determine whether this case may be maintained as a class action under Federal Rule 23. In the event the Court answers that question in the affirmative, the parties would then proceed to merits discovery.

2. Amendments.

a. As stated, plaintiff served an amended complaint on December 28, 2006. The

plaintiff proposes that, as plaintiff has yet to have any discovery, additional parties shall be joined, or amendments to pleadings, including additional causes of action or defenses, be asserted, within six months of the commencement of full merits discovery. It is the plaintiff's position that amendments in this Court have (a) satisfied defendants' desire to have the action remain in this Court and not be remanded for lack of subject matter jurisdiction, (b) responded to an announcement involving defendants and the Attorney Generals of three States, which plaintiff regards of material importance and (c) responded to the Court's individual practice rules. It is the plaintiff's position that no amendment alters the cause and that he dropped a Chubb subsidiary in the complaint filed on November 30, 2006 in order, in his view, to solve any controversy surrounding this Court's subject matter jurisdiction.

   b. The defendants submit that, given that the plaintiff will have already amended his complaint three different times before the pre-trial conference and that one such amendment named four new defendants, one such amendment dropped another defendant and purported to substantially expand the putative class and the most recent proposed amendment expands the length of the complaint by 35%, no further amendments or joinder by the plaintiff should be allowed. The defendants also note that, to the extent the plaintiff purports to describe some of his prior amendments in this case, the defendants disagree with his characterization of them.

  3. <u>Advisability of Referring Matters to Magistrate</u>. The parties do not consent to proceed before a United States Magistrate for all purposes, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The parties of course reserve their rights to submit discovery disputes to the magistrate.

  4. <u>Timing of Discovery</u>. The parties' respective positions on the timing of discovery

generally are set forth above in Section 1.b and c. Subject to those positions and in the event that the Court disagrees with the defendants' proposal, the parties have agreed upon the following discovery schedule. The schedule is not intended as limitation on what other discovery the parties may undertake.

      a.     The plaintiff proposes that the parties' initial disclosures, which are not initiated by the parties but mandated by the Federal Rules of Civil Procedure, be exchanged January 10, 2007. The defendant submits that the plaintiff's proposal is inconsistent with: (1) plaintiff's counsel's December 21, 2006 letter to the Court in which he represented that "any disagreements the parties may have respecting discovery . . . would be resolved by the court at the January 18, 2007 conference"; (2) the Court's endorsement staying discovery responses until the pre-trial conference; and (3) the parties' agreement that all discovery should be stayed pending at least the pre-trial conference. Accordingly, the defendants propose that initial disclosures not be exchanged until 20 days after the Court rules that discovery may commence.

      b.     The parties jointly propose that the defendants respond to all outstanding requests for admission twenty-five days after the Court rules that discovery may commence.

      c.     The defendants will produce documents responsive to the plaintiff's document requests, served October 13, 2006, beginning twenty days from after the Court rules that discovery may commence.

      d.     Should the Court grant defendants' request for phased discovery, then the parties shall have 60 days from entry of that order to complete class discovery. Recognizing that there may be disagreements respecting discovery, the parties reserve their rights to seek enlargements

of these and other periods set forth herein.

  e. On December 28, 2006, the plaintiff proposed to the defendants for the first time that the parties should be relieved from the limitation on interrogatories imposed by Federal Rule of Civil Procedure 33(a). The plaintiff believes that the relief is appropriate because of the inherent complexity of the litigation and number of Chubb subsidiaries and affiliates involved.

  The defendants, on the other hand, submit that as the plaintiff purchased his insurance policy from only Great Northern, he lacks standing to sue or otherwise assert claims relating to the other referenced Chubb Corporation affiliates or subsidiaries. Further and in any event, there are no extenuating circumstances in this case which would warrant making this case an exception to the requirements imposed by the Federal Rules. Finally, given the plaintiff's proclivity to propound excessive, overly burdensome and otherwise inappropriate discovery, removing the limitations imposed by the Federal Rules – particularly at the outset without any specific justification – would be inappropriate and likely to give rise to further discovery disputes.

  f. The parties agree that all merits discovery shall be completed within six months after commencement of merits discovery.

  g. The plaintiff will disclose his expert(s) within 60 days after the conclusion of merits discovery. The defendants will disclose their expert(s) within 45 days after the plaintiff's disclosures. Defendants are to depose the plaintiff's expert during that 45 day period. The plaintiff will then have 30 days to depose the defendants' experts.

  5. <u>Class Certification</u>.

  a. Although the plaintiff's motion to certify the class is pending, he may file a revised motion and accompanying memorandum with all evidence in support of class

certification after discovery that may pertain to class issues has been completed. Otherwise, he shall advise defendants in writing that he is resting on his original brief. Plaintiff's opening brief in support of class certification shall not exceed 35 pages. Plaintiff will file a motion for interim appointment of class counsel.

   b. Defendants shall file a joint memorandum in opposition to class certification, not to exceed 35 pages. All memoranda in opposition to class certification, including all evidence in support thereof, shall be filed no later than 45 days after receipt of the plaintiff's brief or on _____, whichever is later.

   c. The plaintiff may file a reply brief in support of his motion for class certification no later than 20 days after receipt of the defendants' brief. The plaintiff proposes that it be allowed 20 pages for that reply brief. The defendants propose that the reply brief be limited to 15 pages.

   d. After the briefing is completed, the Court is requested to schedule a hearing on the class certification issue on or about _____.

   6. <u>Dispositive Motions</u>. Dispositive motions may be made at any time before 45 days after the close of discovery. Either party may request oral argument.

   7. <u>Trial Date and Estimated Time Required for Trial</u>. The trial should be scheduled at any time 90 days after the time for the parties to make dispositive motions or the Court's ruling upon such motions, whichever is later.

8. <u>Settlement</u>. At the Scheduling Conference, the parties undertook to explore the possibility of a resolution of this matter. The parties will endeavor to meet to explore this topic prior to the pre-trial conference.

9. <u>Protective Order</u>. The parties are negotiating the terms of a protective order to govern discovery in this matter. They will endeavor to present this to the Court or before the pre-trial conference, although given where the parties are, this may be a matter left for the judicial or magisterial intervention.

Dated: December 29, 2006

KIRBY, MCINERNEY & SQUIRE, LLP

By: _____
Roger W. Kirby (RWK4503)
David Kovel
830 Third Avenue
New York, New York 10022
212-371-6666

and

LAW OFFICES OF KENNETH ELAN
217 Broadway
New York, New York 10007

Attorneys for Plaintiff

DLA PIPER US LLP

By: Keara M. Gordon /sp
Joseph G. Finnerty III (JF4315)
Keara M. Gordon (KG2323)
1251 Avenue of The Americas
New York, New York 10020
212-835-6000

Attorneys for Defendants

DC\14016566.2                                11