UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRED SPAGNOLA, individually and on behalf of all those similarly situated,<br><br>      Plaintiff,<br><br>    -against-<br><br>THE CHUBB CORPORATION, FEDERAL INSURANCE COMPANY, GREAT NORTHERN INSURANCE COMPANY, JOHN D. FINNEGAN, and THOMAS F. MOTAMED,<br><br>      Defendants. | 06 Civ. 9960 (HB)<br><br>**ECF** |
| JONATHAN A. BERNSTEIN, individually and on behalf of all those similarly situated,<br><br>      Plaintiff,<br><br>    -against-<br><br>THE CHUBB CORPORATION, FEDERAL INSURANCE COMPANY, GREAT NORTHERN INSURANCE COMPANY,  JOHN D. FINNEGAN, and THOMAS F. MOTAMED,<br><br>      Defendants. | 08 Civ. 193 (HB) |

**PLAINTIFFS' NOTICE OF CLASS MOTION
PURSUANT TO COURT ORDER ENTERED
NOVEMBER 4, 2009 [DKT 68]**

  PLEASE TAKE NOTICE THAT plaintiffs hereby make their "single motion pertaining to both *Spagnola* and *Bernstein* as set forth in this [November 4, 2009] order." Dkt 68. This notice also serves to conform the class definition to the decision by the United

States Court of Appeals for the Second Circuit, No. 08-4904-CV, 574 F.3d 64 (2d Cir. 2009), as follows:

    1.    On October 14, 2009, the Second Circuit issued its mandate respecting its decision in *Spagnola v. Chubb Corp.*, 574 F.3d 64 (2d Cir. 2009). The decision sustained plaintiff Spagnola's claim "that Chubb breached the insurance contract by increasing his coverage amounts and premiums in a way that did not reflect current costs and values." 574 F.3d 64, 71. (Chubb's form policies state that, with exceptions not apposite, Chubb could increase coverages only "to reflect current costs and values." *Id.* at 66.) The court noted, *inter alia*, that, although the policy makes reference to the United States Consumer Price Index ("CPI"), "Chubb concedes that the premiums were not increased in an amount determined by the CPI" (574 F.3d 64, 71), and that, consistent with the claim that coverage increases did not reflect current costs and values, "contents coverage increased at the same percentage rate as his dwelling coverage each year." *Ibid*. (In fact, increased coverage for "contents", which leads to increased premiums, are determined without reference to CPI, or "current costs and values." The percentage increase for homes is simply applied to contents.)

    2.    The Second Circuit went on to hold that the allegation that Chubb's "annual increases were not based on current costs and values as required by the express terms of the policy []'has facial plausibility [allowing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" 574 F.3d 64, 72, *citing Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

3. Against this background, plaintiffs Spagnola and Bernstein ask this court to certify a class comprised of all persons or entities (a) who, from April 1, 2000 to the present (the "class period"), purchased replacement cost homeowner's insurance policies from Chubb, through any of its wholly-owned subsidiaries, including defendant Federal Insurance Company and its wholly-owned subsidiaries, including Great Northern Insurance Company, respecting property located in the State of New York, that state in words or in substance that:

> With your consent, we may change [the amount of coverage reflected in the coverage summary] when appraisals are conducted and when the policy is renewed, to reflect current costs and values.
>
> \*   \*   \*
>
> [The coverage amount] will be increased daily to reflect the current effect of inflation. At the time of a covered loss, your amount of house coverage will include any increase in the United States Consumer Price Index from the beginning of the policy period.

574 F.3d 64, 66, and (b) who either have been injured by the practices complained of or who are at risk of suffering injuries by the practices complained of. The class excludes defendants, their parents, subsidiaries, affiliates, officers, directors, and employees. Also excluded are any federal, state or local governmental entities, any judge or judicial officer presiding over this matter, judicial staff, and the members of their immediate families, and any lawyer, or members of a lawyer's firm, representing any named plaintiff in this action.

PLEASE TAKE FURTHER NOTICE that (a) subject to further order of the court, plaintiffs' supporting papers will be served by hand on or before November 10, 2009, defendants' opposing papers, if any, are to be served by hand on or before November 20, 2009, and plaintiffs' reply papers, if any, will be served by hand on or before December 3, 2009; and (b) that the court has scheduled oral argument for 12:30 p.m., on December 3, 2009, United States Courthouse, 500 Pearl Street, New York, New York 10007.

Dated: November 5, 2009

                                      **KIRBY McINERNEY, LLP**

                                      /s/ Roger W. Kirby
                                      Roger W. Kirby (RWK 4503)
                                      Peter S. Linden (PSL 8945)
                                      David Kovel
                                      Edward Varga
                                      825 Third Avenue, 16th Floor
                                      New York, New York 10022
                                      Tel: (212) 371-6600

                                      *Attorney for Plaintiffs and the Class*